Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfim.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY OLIVER, an individual;<br><br>Plaintiff,<br><br>v.<br><br>BRYSON LASHUN POTTS p/k/a NLE CHOPPA, an individual; SONY MUSIC PUBLISHING, LLC, a Delaware Limited Liability Company; JAVAR ROCKAMORE, an individual, PATRIC EARL HOUSTON p/k/a PROJECT PAT, an individual, JORDAN MICHAEL HOUSTON III p/k/a JUICY J, an individual, PAUL D. BEAUREGARD p/k/a DJ PAUL, an individual; THEODORE L THOMAS, p/k/a STONII, an individual; ROBERT D. REESE p/k/a BOBBY KEYZ, an individual; ARCHIE JAMES DEAN p/k/a ISTHATYOUARCHIE or ATLAJD, an individual, and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

Plaintiff Rodney Oliver by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**Jurisdiction & Venue**

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and § 1400(a).

**Parties**

4. At all times mentioned herein, Plaintiff Rodney Oliver was and is an individual residing in Kingston, Jamaica.

5. Plaintiff is informed and, on that basis, believes that at all times mentioned herein BRYSON LASHUN POTTS was and is the artist publicly known as NLE CHOPPA ("NLE Choppa") and resides in Atlanta, Georgia.

6. Plaintiff is informed and, on that basis, believes that at all times mentioned herein SONY MUSIC PUBLISHING, LLC is a Delaware limited liability company with offices in Los Angeles, California.

7. Plaintiff is informed and, on that basis, believes that at all times mentioned herein JAVAR ROCKAMORE ("Rockamore") resides in Atlanta, Georgia.

8. Plaintiff is informed and, on that basis, believes that at all times mentioned herein PATRIC EARL HOUSTON was and is the artist publicly known as PROJECT PAT ("Project Pat") and resides in Memphis, Tennessee.

9. Plaintiff is informed and, on that basis, believes that at all times mentioned herein JORDAN MICHAEL HOUSTON III was and is the artist publicly known as JUICY J ("Juicy J") and resides in Memphis, Tennessee.

10. Plaintiff is informed and, on that basis, believes that at all times mentioned herein PAUL D. BEAUREGARD was and is the artist publicly known as DJ PAUL ("DJ Paul") and resides in Memphis, Tennessee.

11. Plaintiff is informed and, on that basis, believes that at all times mentioned herein THEODORE L THOMAS was and is the artist publicly known as STONII ("Stonii") and resides in Atlanta, Georgia.

12. Plaintiff is informed and, on that basis, believes that at all times mentioned herein ROBERT D. REESE was and is the artist publicly known as BOBBY KEYZ ("Bobby Keyz") and resides in Atlanta, Georgia.

13. Plaintiff is informed and, on that basis, believes that at all times mentioned herein ARCHIE JAMES DEAN was and is the artist publicly known as ISTHATYOUARCHIE or ATLAJD ("ATLAJD") and resides in Atlanta, Georgia.

14. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

15. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and

every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

**Factual Background**

16. Plaintiff Rodney Oliver, p/k/a Rodney O, is a world-renowned and influential rapper.

17. Together with Joe Cooley and Jeffrey Page, the three men formed the rap group Rodney-O & Joe Cooley and worked on numerous genre-defining projects.

18. In 1988, Rodney-O and Joe Cooley wrote and recorded the rap song entitled *Everlasting Bass* (the "Song"). The composition for the Song is registered with the United States Copyright Office by Plaintiff.

19. *Everlasting Bass* is an original work including an original rhythm and beat that is unique compared to prior works.

20. In 2022, Defendants created the song entitled *Who TF Up in My Trap* released by NLE Choppa on an album titled *Top Shotta*.

21. The song *Who TF Up in My Trap* (hereinafter the "Infringing Work") was a hit song garnering hundreds of thousands of plays and streams around the world resulting in significant revenue and profits to Defendants.

22. The primary rhythm of the Infringing Work is comprised of a sample and/or a verbatim copy of elements from the Song.

23. The composition of the Infringing Work substantially comprises the composition of *Everlasting Bass* and is either a verbatim copy or encompassed and embodied in an audio sample of *Everlasting Bass* found in the Infringing Work.

24. A sample of audio from the recording of *Everlasting Bass* is prominently incorporated throughout the mix of the Infringing Work.

25. Defendants at no point sought to obtain authorization from Plaintiff to use the *Everlasting Bass* composition in connection with the Infringing Work.

26. Defendants continue to exploit and receive monies from the Infringing Work, respectively, in violation of Plaintiff's rights in his Song. Defendants' wrongful copying and/or exploitation of Plaintiff's copyrighted material has also allowed for further infringement abroad.

## First Claim for Relief

*(For Copyright Infringement—Against all Defendants, and Each)*

27. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

28. Plaintiff is the sole and exclusive owner of the Song.

29. The Song is registered with the U.S. Copyright Office.

30. The Song is an original composition and recording.

31. Defendants had access to the Song because the Song was widely distributed throughout the world since 1988. The Song was widely distributed on vinyl and CD, which were the dominant media formats at the time of release, and together sold tens of thousands copies on singles and albums within the rap scene. The Song is also available on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube.

32. In addition, Defendants' "sampling" (direct extraction and reproduction of the Song) establishes access by way of striking similarity, if not virtual identity.

33. Defendants, and each of them, infringed Plaintiff's rights by making a direct copy of the composition of the Song and using that copy in the Infringing Work without Plaintiff's authorization or consent.

34. Defendants failed to obtain the required mechanical license to use the Song in the Infringing Work.

35. Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, display, and creation of the Infringing Work. The foregoing acts infringe Plaintiff's rights

under the Copyright Act. Such exploitation includes, without limitation, Defendants', and each of them, distributing and broadcasting the Infringing Work on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube.

36. Due to Defendants', and each of their acts of infringement, Plaintiff's have suffered actual, general, and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the sample.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's copyrighted composition. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the composition in an amount to be established at trial.

38. Plaintiff is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

**Second Claim for Relief**

*(For Vicarious and/or Contributory Copyright Infringement—Against all Defendants, and Each)*

39. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

40. Plaintiff is informed and believes and now alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of the Infringing Work as alleged above. Specifically, the producers underwrote, facilitated, and participated in the respective

illegal copying during the creation of the Infringing Work. Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Infringing Work.

41. Plaintiff is informed and believes and now alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the publication and distribution of the Infringing Work. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Infringing Work.

42. By reason of Defendants, and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

43. Due to Defendant's acts of copyright infringement as alleged herein, Defendant's, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in his copyrighted composition in an amount to be established at trial.

44. Plaintiff is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

**Prayer for Relief**

*(Against All Defendants)*

With Respect to Each Claim for Relief, Plaintiff demands judgment against Defendants as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted composition;

b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from further infringing Plaintiff's copyrights in and to Plaintiff's copyrighted composition;

c. For a constructive trust to be entered over any recordings, videos reproductions, files, online programs, and other material in connection with the Infringing Song and all revenues resulting from the exploitation of same, for the benefit of the Plaintiff;

d. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

f. That Plaintiff be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 or other statutory or common law;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

    Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                        Respectfully submitted,

Dated: October 3, 2023        By:      */s/ Scott Alan Burroughs*
                                                        Scott Alan Burroughs, Esq.
                                                        Frank Trechsel, Esq.
                                                        DONIGER / BURROUGHS
                                                        Attorneys for Plaintiff